```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PATRICK PERRY,

                        Petitioner,                      MEMORANDUM & ORDER

        -against-                                        07-CV-2844 (ENV)


SUPERINTENDENT, BARE HILL
CORRECTIONAL FACILITY,

                        Respondent.
------------------------------------------------------------------x
```

**VITALIANO, D.J.**

Pro se petitioner Patrick Perry filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] For the reasons stated below, the writ is denied and the petition is dismissed.

### I. BACKGROUND

In the early morning of January 19, 2000, two officers of the New York City Police Department ("NYPD") responded to a 911 call of a man breaking into a Volkswagen Jetta parked on a street in Queens. The 911 caller heard glass break outside his ground-floor bedroom window and looked outside, where he saw a man wearing a blue knit hat and with his legs dangling out of a window of the car; the suspect was then seen climbing into the driver's seat. The officers approached the Volkswagen and saw petitioner, who was wearing a blue knit hat, working on the steering column of the car. Perry exited the car and managed to get away from the officers. The officers pursued Perry and — with the assistance of several other later arriving

---

[1] The petition originally named as the respondent "D. Artus," the superintendent of Clinton Correctional Facility, where petitioner was incarcerated. Petitioner is now incarcerated at the Bare Hill Correctional Facility, and the caption has been amended accordingly.

NYPD officers — ultimately apprehended petitioner after a struggle. He was arrested wearing a blue knit hat and a left-hand glove; a matching right-hand glove, slap-hammer, flashlight, and tools were found on the front passenger seat of the Volkswagen.

On October 2, 2000, Perry was convicted of attempted grand larceny in the third degree, criminal mischief in the third degree, possession of burglar's tools, and resisting arrest. He was later given a sentence of two concurrent indeterminate terms of 15 years to life imprisonment, along with two concurrent one-year terms of imprisonment. Sentencing was imposed pursuant to New York's persistent felony offender statute, N.Y. Penal Law § 70.10 ("PFO").

On April 4, 2001, before his direct appeal had been perfected, Perry moved to vacate the judgment of conviction pursuant to N.Y. Crim. Proc. Law § 440.10, arguing that one of the NYPD officers testified falsely before the grand jury, that the People presented the officer's testimony knowing it was false, and that the evidence presented to the grand jury was legally insufficient to support the indictment. On April 26, 2001, Supreme Court denied Perry's § 440.10 motion, as the record was deemed sufficient to raise the claims on direct appeal. Perry never sought review of this denial.

On June 6, 2001, after Perry had filed his direct appeal, he filed a second § 440.10 motion reasserting the claims brought in his first motion, and adding a claim of ineffective assistance of trial counsel for failing to object to the alleged grand jury deficiencies and for failing to request re-argument of an omnibus motion. On August 23, 2001, his second § 440.10 motion was denied as procedurally barred, since all claims had either been already raised and decided in his first § 440.10 motion or could be decided on direct appeal. Again, petitioner never sought appeal of this order. But, he did pursue his pending direct appeal.

Perry's direct appeal challenged his sentencing pursuant to the PFO statute as unconstitutional under the Sixth Amendment and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). Perry also submitted a supplemental brief in which he once again reasserted that the prosecution had knowingly presented false evidence to the grand jury, and, consequently, the evidence before the grand jury was insufficient to support indictment. On June 20, 2005, the Appellate Division, Second Department affirmed Perry's conviction, holding that his challenge to the PFO statute was unpreserved for appellate review and, in any event, without merit. It also held that his challenge to the indictment was not reviewable under N.Y. Crim. Proc. Law § 210.30(6), which bars review of an indictment upon an appeal from an ensuing judgment of conviction, where, as here, the conviction is based on legally sufficient trial evidence. People v. Perry, 19 A.D.3d 619, 800 N.Y.S.2d 25 (2d Dep't 2005). Perry's application for leave to appeal was denied by the Court of Appeals on August 22, 2005. People v. Perry, 5 N.Y.3d 809 (2005). Perry sought and was granted reconsideration of the denial of his leave application and, upon reconsideration, the application was again denied, on October 31, 2005. People v. Perry, 5 N.Y.3d 855 (2005). His direct appeal had at that point been exhausted.

Perry next filed a pro se petition for a writ of error *coram nobis*, on February 17, 2007, claiming that he had been denied effective assistance of appellate counsel. Specifically, Perry argued that appellate counsel had been ineffective for failing to challenge the ineffectiveness of trial counsel, both for failing to offer into evidence a recording of the 911 call (in which the caller described the perpetrator as having a beard) and for failing to obtain or to use NYPD Sprint records to establish a discrepancy as to when the second police vehicle arrived on the scene. The Appellate Division denied Perry's *coram nobis* petition on May 29, 2007, holding that "[t]he appellant has failed to establish that he was denied the effective assistance of appellate

3

counsel." People v. Perry, 40 A.D.3d 1133 (2d Dep't 2007) (citing Jones v. Barnes, 463 U.S. 745 (1983)). Perry moved for reconsideration, which was denied on September 14, 2007. In the meantime, he had also sought leave to appeal from the Court of Appeals, which was denied on August 21, 2007. People v. Perry, 9 N.Y.3d 880, 874 N.E.2d 759, 842 N.Y.S.2d 792 (2007). Following suit, upon reconsideration, the Court of Appeals again denied Perry leave on November 7, 2007. People v. Perry, 9 N.Y.3d 992, 878 N.E.2d 1026, 848 N.Y.S.2d 610 (2007).

Petitioner then filed a third motion to vacate under § 440.10, this time pro se, on January 25, 2008. The motion was summarily denied on March 5, 2008, with the court holding that Perry's claims should have been brought in one of his previous § 440.10 motions and/or in his direct appeal and thus were procedurally barred under CPL § 440.10(3)(c).

In his federal petition, as amended,[2] Perry raises three grounds for habeas relief: (1) the unconstitutionality of his sentencing as a PFO under the Sixth Amendment and Apprendi, (2) ineffective assistance of appellate counsel, and (3) that the procedural bar found by the state court should not preclude federal habeas review.

## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a federal writ of habeas corpus may not be granted to a state prisoner on any claim adjudicated on the merits by a state court unless the decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). This is commonly referred to as "AEDPA deference." Gutierrez v. McGinnis, 389 F.3d 300, 304 (2d Cir. 2004). AEDPA deference limits

---

[2] Perry filed three motions to amend his petition, on July 8, 2010, June 29, 2011, and August 3, 2011, all of which the Court granted.

federal habeas relief to cases where "the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000) (citation omitted). Summary dispositions by a state court are considered to be on the merits for AEDPA purposes. See Harrington v. Richter, 131 S. Ct. 770, 784 (2011); Jimenez v. Walker, 458 F.3d 130, 146 (2d Cir. 2006) ("[A] state court's rejection of a federal claim as 'either unpreserved for appellate review or without merit' . . . is deemed to rest on the merits of the federal claim . . ."), cert. denied, 549 U.S. 1133, 127 S. Ct. 976 (2007).

Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." Carey v. Musladin, 549 U.S. 70, 74, 127 S. Ct. 649, 653 (2006) (quoting Williams, 529 U.S. at 412, 120 S. Ct. at 1523). To be "clearly established" under AEDPA, federal law must be "law that is 'dictated by [Supreme Court] precedent existing at the time the defendant's conviction became final.'" McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003) (citation omitted). For a state court's application of law to be unreasonable, it must be not only "incorrect or erroneous" but also "objectively unreasonable." Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001) (quotation omitted); see also Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (an "unreasonable" application must involve "[s]ome increment of incorrectness beyond error"). Moreover, "a state court's findings of fact are 'presumed to be correct' unless rebutted 'by clear and convincing evidence.'" Drake v. Portuondo, 553 F.3d 230, 239 (2d Cir. 2009) (quoting 28 U.S.C. § 2254(e)(1)).

## III. DISCUSSION

### A. Sentencing Challenge

None of the arguments raised by Perry merit federal habeas relief. First, Perry's constitutional challenge to New York's PFO statute was rejected on an adequate and independent state law ground, as the Appellate Division held that the argument was "unpreserved for appellate review." Perry, 19 A.D.3d at 619, 800 N.Y.S.2d at 25. New York law requires contemporaneous objection in order to preserve an issue for appellate review, N.Y. Crim. Proc. Law § 470.05(2), and it is well-established that any failure to comply with this rule constitutes an adequate and independent state law ground that bars review by a federal habeas court of the underlying substantive claim of error. See, e.g., Richardson v. Greene, 497 F.3d 212, 217-20 (2d Cir. 2007). Moreover, there is nothing in any of Perry's submissions to any tribunal that shows "cause for the default and prejudice attributable thereto" or that "demonstrate[s] that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043 (1989). Consequently, this Court may not review the merits of Perry's challenge to the PFO statute.[3]

### B. Ineffective Assistance of Appellate Counsel

Perry's second argument asserts that he was denied effective assistance of appellate counsel, and though this point appears to lack any obstacles to federal habeas review, it is

---

[3] Even if Perry's claim was not procedurally barred, the outcome would certainly be the same. As Perry himself has recognized, the constitutionality of New York's PFO statute was sustained by the Second Circuit's en banc decision in Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010). Perry's only response is that Portalatin was wrongly decided and that the Court here should delay its decision until Portalatin can be heard by the Supreme Court. However, the Supreme Court has denied certiorari in Portalatin, and thus the finality of the Second Circuit's ruling in that case is undisturbed and binding on this Court. See Portalatin v. Graham, 131 S. Ct. 1693 (2011).

meritless. As a preliminary matter, the Appellate Division clearly adjudicated the merits of Perry's ineffectiveness claim in its decision denying the *coram nobis* petition he filed with that court. People v. Perry, 40 A.D.3d 1133 (2d Dep't 2007) ("The appellant has failed to establish that he was denied the effective assistance of appellate counsel."). Accordingly, this Court reviews the Appellate Division's decision with AEDPA deference for the factual finding and conclusion reached by the Second Department as required by 28 U.S.C. § 2254.[4] Hence this Court may not grant habeas relief on Perry's ineffectiveness claim unless the Appellate Division's *coram nobis* decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

That decision does not contain a hint of error, let alone the high degree of error required to satisfy § 2254(d). The state court ruling cited Jones v. Barnes, 463 U.S. 745 (1983), in which the Supreme Court held that appointed appellate counsel need not argue every nonfrivolous issue raised by defendant.[5] Jones was clearly a relevant and applicable Supreme Court precedent vis-à-vis Perry's *coram nobis* claim, in which he asserted that his appointed appellate counsel was ineffective for failing to challenge the ineffectiveness of trial counsel, both for failing to offer into evidence a recording of the 911 call (in which the caller described the perpetrator as having a beard) and for failing to obtain or to use Sprint records to establish a discrepancy as to when

---

[4] Moreover, even if Perry's ineffectiveness claim were reviewed de novo, it would not change the outcome here. Counsel's performance passes constitutional muster on such a review.

[5] Of course, even if the Appellate Division had cited no Supreme Court or other authority at all, it still would be presumed to have been adjudicated on the merits, and thus entitled to AEDPA review of its substantive conclusion that the conviction was free of Constitutional error, given "the absence of any indication or state-law procedural principles to the contrary" in the state court decision. Harrington, 131 S. Ct. at 785.

7

the second police vehicle arrived on the scene. The record plainly establishes that Perry raised these very points with appellate counsel, who considered them and declined to pursue them in favor of arguments counsel felt were stronger. In this light, the Appellate Division's reliance on Jones was not "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

Nor was the state court's application of Jones unreasonable. See id. In particular, appellate counsel's decision was a matter of well-considered strategy, as Perry's proposed arguments were duplicative, unnecessary, and would not have changed the outcome of the appeal. At trial, the 911 caller testified and was cross-examined regarding his description of the perpetrator, and so the apparent discrepancy between the caller's description (with a beard) and Perry's appearance upon his arrest a short time later (with no beard) was already before the jury, which obviously resolved the discrepancy against petitioner; the 911 tape added nothing. Similarly, Perry's trial counsel already had the Sprint record and decided not to rely on it. The facts of trial reality shredded Perry's proposed appellate argument that trial counsel should have obtained the "translation" of the record. At best, Perry's argument demands a second-guessing of trial counsel's strategy, which is a dry hole. See Strickland, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984) ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

Furthermore, assuming appellate counsel's decision not to raise Perry's desired arguments was not a matter of well-considered strategy, it would still not qualify as constitutionally ineffective assistance because Perry cannot demonstrate any prejudice, given the absence of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Faced

with the overwhelming evidence of Perry's guilt — caught red-handed by two NYPD officers, having already broken into the Volkswagen and trying to break into its steering column, and then apprehended moments later after a brief pursuit, wearing one glove, with the matching glove found on the passenger seat of the car next to a set of burglar's tools — a quibble over when the *second* police vehicle arrived would hardly have altered the outcome at trial or on appeal. Appellate counsel cannot be deemed ineffective for failing to raise meritless arguments. See United States v. Arena, 180 F.3d 380, 396 ("Failure to make a meritless argument does not amount to ineffective assistance."). Accordingly, there is no merit to any argument that the Appellate Division's *coram nobis* decision warrants habeas relief under § 2254(d).

### C.     Third Motion to Vacate

Finally, Perry's petition also fails in its claim of inapplicability of the procedural bar found by the state trial court in denying his third motion to vacate. Perry correctly cites N.Y. Crim. Proc. Law § 440.10(3), but that provision is unavailing. It provides that

> the court may deny a motion to vacate a judgment when: (a) Although facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined upon appeal . . . or . . . (c) Upon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so.

Not surprisingly, the trial court cited to this same provision when it found that "everything the defendant states that he claims constitutes ineffective assistance of counsel is something that could have either been raised in his numerous motions to vacate or appears on the record and as such should have been raised on one of his appeals." People v. Perry, No. 190/2000 (N.Y. Sup. Ct. Mar. 5, 2008) (order denying motion to vacate).

Perry responds by pointing to the final paragraph of § 440.10(3), which provides that "[a]lthough the court may deny the motion under any of the circumstances specified in this subdivision, in the interest of justice and for good cause shown it may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment." N.Y. Crim. Proc. Law § 440.10(3). Another dry hole. By providing the motion court a mechanism to disregard the *ordinary* rule, it provides reinforcement that the motion court will ordinarily deny such motions. Indeed, the trial court was well within its discretion in finding that Perry's § 440.10 motion did not demonstrate "good cause" as to why it was based on material considered and rejected in his previous § 440.10 motions, or material appearing in the trial record, which could and should have been raised on direct appeal. To be sure, Perry had already had multiple bites at the apple and had failed to show merit entitling him to relief. His habeas petition lacks any explanation as to why he failed to raise his "new" arguments (assuming repackaging is considered "new") in his previous filings at the state court level. In any event, the state court denial of his third motion to vacate rests on an adequate and independent state law ground. Federal habeas review of that decision is barred, given that there is no "cause for the default and prejudice attributable thereto" nor a "demonstrat[ion] that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262, 109 S. Ct. at 1043.

## IV. CONCLUSION

For all of the foregoing reasons, Perry's petition for a writ of habeas corpus is dismissed with prejudice, and the writ is denied. Since Perry has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma*
10

*pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).[6]

The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
October 4, 2011

/S/

_____
ERIC N. VITALIANO
United States District Judge

---

[6] Petitioner also requested discovery and a hearing in this case. Those requests are denied. Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure." Perry has utterly failed to demonstrate good cause. See supra. The request for a hearing is denied for the same reasons.

11