UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

PATRICK PERRY,                                       :
                                                     :
                                  Petitioner,        :
                                                     :        MEMORANDUM & ORDER
                  -against-                          :
                                                     :        07-cv-2844 (ENV)
SUPERINTENDENT, WOODBOURNE                           :
CORRECTIONAL FACILITY,[1]                            :
                                                     :
                                  Respondent.        :
                                                     :
------------------------------------------------------------x

VITALIANO, D.J.,

On August 21, 2013, petitioner Patrick Perry moved the Court to vacate its

judgment of October 4, 2011, which denied his petition for writ of *habeas corpus*.

His motion to vacate is denied.

## Background

Perry was convicted on October 2, 2000 of attempted grand larceny, criminal

mischief, possession of burglar's tools, and resisting arrest. He was sentenced,

pursuant to New York's persistent felony offender statute, Penal Law § 70.10, to two

concurrent indeterminate terms of 15 years to life imprisonment for the attempted

grand larceny and criminal mischief convictions, as well as two additional

concurrent one-year terms of imprisonment for possession of burglar's tools and

---

[1] By letter dated November 14, 2013, petitioner informed the Court that he is no
longer incarcerated at Bare Hill Correctional Facility, and has since been relocated
to Woodbourne Correctional Facility. As a result, the Superintendent of that facility
is substituted as respondent in this action. *See* Fed. R. Civ. P. 25(d). The caption is
ordered amended to reflect the substitution.

1

resisting arrest. Perry subsequently pursued a direct appeal and state court collateral relief, including a petition for a writ of *coram nobis*, as well as not fewer than three applications to vacate his sentence. Obvious from his filing here, all were unsuccessful. He then petitioned this Court, on July 11, 2007, for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The Court denied both Perry's petition and a certificate of appealability, on October 4, 2011. In the interim, Perry filed some 16 additional motions and other correspondence on this docket.

On November 3, 2011, Perry moved the Court, pursuant to Federal Rule of Civil Procedure 59(e), to reconsider its denial of his petition. Noting that the "motion merely repeat[ed] arguments that the Court thoroughly reviewed and rejected on [his] original application," the Court denied Perry's motion for reconsideration on December 7, 2011. At that time, Perry was also pursuing an appeal before the Second Circuit, which denied his requests for a certificate of appealability, leave to proceed *in forma pauperis*, and the appointment of counsel, by mandate issued on September 4, 2012. Nearly a year later, on August 21, 2013, Perry made the instant motion to vacate pursuant to Federal Rule of Civil Procedure 60(b). Perry has since moved to withdraw the motion because, he avers, his prison mail room failed to deliver a copy of his motion to respondent. Perry now seeks, in a new motion, an opportunity "to capitalize from the malpractice committed at the Bare Hill correctional facilities mail room." (Letter, ECF No. 45).

## Discussion

Perry does have a strategic plan to obtain relief. He seeks to vacate this Court's judgment under subparagraph (6) of Rule 60(b), which is a catch-all

provision allowing relief "for any other reason justifying relief from the operation of the judgment." Such relief is "appropriate only in cases presenting extraordinary circumstances." *First Fidelity Bank, N.A. V. Gov't of Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989). Moreover, a motion brought pursuant to subparagraph (6) must be brought "within a reasonable time." Fed. R. Civ. P. 60(b). In this case, Perry's motion to vacate comes nearly two years after the Court's initial judgment, which is hardly reasonable considering that Perry's sole basis for seeking vacatur is that the Court "did not conduct *de novo* review of the trial transcript when concluding plaintiff's ineffective assistance of appellate counsel claim was meritless." (Pet. Mot. 2, ECF No. 44). Even assuming it were timely, Perry's motion is absolutely without merit. It simply seeks to rehash a claim which this Court—and on review, the Second Circuit—has had more than one occasion to consider and reject. Aside from Perry's quixotic persistence, there is nothing extraordinary about these circumstances. Vacatur of the Court's judgment is therefore inappropriate under Rule 60(b)(6).[2]

## Conclusion

For all the foregoing reasons, Perry's motion is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45

---

[2] Perry's motion to withdraw and resubmit his motion is, as a result, moot, though it would be similarly without merit even if granted. The fact that his correctional facility may have failed in serving a copy of his motion upon respondent is neither extraordinary nor relevant to the relief Perry seeks.

(1962).

The Clerk of the Court is directed to maintain this case on the docket of closed cases.

SO ORDERED.

Dated:      Brooklyn, New York
            November 21, 2013

/S/ Judge Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge